■ JOSEPH DE FINA, Respondent, v. M. A. HITTNER & SONS, INC., et al., Appellants.— Judgment entered June 20, 1969, unanimously reversed on the law and the facts and a new trial on the issue of damages only ordered, with $50 costs and disbursements to abide the event. In this personal injury action we find the jury's conclusion, as reflected in the size of the verdict, to be against the weight of the credible evidence. Plaintiff's medical expert, after his examination of the plaintiff, rendered a report in which he stated that the condition from which the plaintiff is concededly suffering could not, under the facts presented, be attributed to the accident. On the trial, his testimony was directly to the contrary. His attempted explanation was so lacking that it did not sustain the burden. This is not a situation which can be cured by a reduction in the verdict. If the issue of causation of plaintiff's mental and psychic condition is resolved in plaintiff's favor, he would be entitled to substantial damages, whereas a determination otherwise would warrant a comparatively small recovery. We suggest that it might well be found appropriate to utilize the services of the Impartial Medical Panel in this case. Concur — Eager, J. P., Capozzoli, Nunez and Steuer, JJ.

■ GRANT COLE ENTERPRISES, INC., et al., Appellants, v. SYLVAN SCHWARTZ, Respondent.— Order entered March 6, 1969, granting defendant's motion to dismiss complaint for legal insufficiency unanimously affirmed on the law and the facts, with $50 costs and disbursements to the respondent. Leave however is granted to plaintiffs, in the interests of justice to apply at Special Term to serve an amended complaint within 20 days after service of a copy of the order herein with notice of entry thereof. (See CPLR 3211, subd. [e]; *Cushman & Wakefield* v. *John David, Inc.*, 23 A D 2d 827.) The disposition of Special Term was sound. However, there is a bare possibility plaintiff may be able to spell out a cause of action sounding in malpractice or prima facie tort, and both parties being members of the Bar, this ultimate opportunity is extended. (See, also, *Cushman & Wakefield* v. *John David, Inc.*, 25 A D 2d 133. Concur — Eager, J. P., Capozzoli, McGivern and Macken, JJ.